UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA GALAVIZ, | No. 1:13-cv-01740-GSA |
| Plaintiff, | |
| v. | **ORDER REGARDING SETTLEMENT CONFERENCE PROCEDURES** |
| VISALIA UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference.  Provided below are the procedures this Court will employ when conducting the settlement conference scheduled for March 2, 2015, at 1:30 p.m.

A.  Required Pre-Settlement Conference Communications

A settlement conference is more likely to be productive if the parties have exchanged written settlement proposals in advance of the conference.  Accordingly, at least twenty-one (21) calendar days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and a good faith *settlement demand* to defendant's counsel with a brief explanation of why the demand is appropriate.  Thereafter, but no later than seven (7) calendar days prior to the settlement conference, defendant's counsel shall submit a good faith written *offer* to plaintiff's counsel with a brief explanation of why the offer is appropriate.

On occasion, this process will lead directly to a settlement.  If settlement is not achieved,

plaintiff's counsel shall deliver or fax copies of all settlement proposals along with his/her *Confidential Settlement Conference Statement* to chambers.  Copies of these documents are not to be filed on the court docket.

      B.  Confidential Settlement Conference Statement

At least four (4) calendar days prior to the settlement conference, the parties shall submit the *Confidential Settlement Conference Statement* to Judge Austin's chambers via gsaorders@caed.uscourts.gov.  This statement shall include the following:

      1.    A list of all elements of each cause of action or affirmative defense pled in the party's respective complaint or answer;

      2.    A brief statement identifying those facts that support each cause of action or affirmative defense;

      3.    A description outlining the factual and legal contentions upon which the parties agree or disagree;

      4.    A description identifying the impediments to settlement, including financial, emotional or legal concerns;

      5.    A summary of the settlement attempts to date;

      6.    A statement of the specific relief sought; and

      7.    A statement identifying any third party (i.e., lien holder, etc.) with a legal interest in this action.

      C.  Attendance

The attorneys who will try the case shall appear at the settlement conference accompanied by the named parties and all persons having authority to negotiate the settlement.[1]  If appropriate, the principal representative shall have approval to settle the action on the terms consistent with the opposing party's most recent demand.

      D.  Mediation Format

---

[1] Insurance carriers, business organizations, and governmental agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors, et cetera, shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.

A mediation format will be employed during the settlement conference. The lawyers, the parties, and all representatives must be fully prepared and will be expected to participate. The Court encourages all participants to be flexible and to reassess their previous positions, as well as put to forth their best efforts toward reaching a mutually agreeable settlement.

E. Statements Inadmissible

The Court expects full and candid participation during the settlement conference. With this in mind, statements made by any party or attorney during the settlement conference are not to be used in discovery and will not be admissible at trial.

F. Sanctions

Failure to follow this procedure will result in removal of the settlement conference from the Court's calendar and may result in additional sanctions.

IT IS SO ORDERED.

Dated:   **January 28, 2015**                        /s/ Gary S. Austin
                                                    UNITED STATES MAGISTRATE JUDGE